UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM #272603,

                Plaintiff,                                Hon. Robert J. Jonker

v.                                                Case No. 1:24-cv-242

ADEYINKA AWOMOLO, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Motion for Preliminary Injunction, Temporary Restraining Order, and MDOC to Show Cause. (ECF No. 25.) Defendants have filed a response. (ECF No. 27.) Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Plaintiff's motion be **DENIED.**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF), filed his complaint in this action on March 8, 2024, complaining of events that occurred at ECF between January 9, 2024, and March 4, 2024. (ECF No. 1 at PageID.4–9.) Following initial review, the Court allowed the following claims to proceed: (1) retaliation against Defendants Awomolo, Shembarger, Porter, Lyon, Rademaker, Hall, and Burgess; (2) the Eighth Amendment excessive force claims against Defendants Awomolo and Shembarger; and (3) the Eighth Amendment claim against Defendant Awomolo based on food tampering. (ECF Nos. 5 and 6.)

In his present motion, Plaintiff alleges the following:

- On October 1, 3, and 4, 2024, non-Defendant PC Bennett denied Plaintiff's request for 200 sheets of paper to meet Plaintiff's demands in this and other cases Plaintiff has pending and instead stated that he would provide Plaintiff only 15 sheets of paper each month;

- Plaintiff filed grievances regarding the denial of his paper request but was told by Defendant Warden Burgess and others that he would not be given the paper he requested;
- On unspecified dates, Defendants' co-workers went into Plaintiff's cell to read and confiscate his pleadings and legal and personal property;
- Non-Defendant J. Annis recently issued Plaintiff a false misconduct report;
- On October 7, 2024, non-Defendant PC Bennett reviewed one of Plaintiff's grievances with him and told him that if he did not sign off on the grievance and stop filing grievances and lawsuits, Bennett would transfer him to another facility with harsher conditions and confiscate his legal and personal property, that Defendant Warden Burgess had already approved the transfer, and that Bennett would make sure Plaintiff did not get his parole in 2025;
- Defendants Awomolo, Shembarger, and other Defendants threatened to transfer Plaintiff.

(ECF No. 25 at PageID.218–20.)

In determining whether to grant injunctive relief, a court considers the following factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000). These are factors to be balanced, not prerequisites to be met. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)). Issuance of injunctive relief lies within the court's discretion. *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

Plaintiff's request is properly denied for several reasons. First, he has presented no evidence indicating that he is likely to prevail on the merits of his claims in this case. Rather, he merely asserts, in conclusory fashion, that he "is likely to show at trial defendants violated his rights." (*Id.* at PageID.219.) Moreover, even if Plaintiff had presented such evidence as to the claims in his complaint, he has an adequate remedy at law for the actions set forth above: he may file a lawsuit against the individuals who committed the alleged retaliatory acts and seek an award of damages. Third, the public interest is not served by interference with the MDOC's day-to-day

2

operations in the absence of a compelling reason warranting such relief. *See, e.g.*, *McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state penal system is involved, federal courts have 'additional reason to accord deference to the appropriate prison authorities.'") (citation omitted).

Finally, the relief Plaintiff requests in his present motion, while far from clear, is attenuated from the claims or wrongful conduct alleged in the instant case. A party seeking a preliminary injunction "'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). Moreover, claims against non-defendants asserted in a motion for injunctive relief generally do not relate to issues raised in the complaint. *See, e.g.*, *Griffin v. Williams*, No. 1:CV-10-2472, 2011 WL 2600969, at *2 (M.D. Pa. June 29, 2011) (denying preliminary injunctive relief because, among other reasons, "Plaintiff's complaint that a non-Defendant broke his typewriter is not properly before the court because it is not related to the issues raised in the complaint"); *Hunter v. Jaboulian*, No. 1:17-cv-832, 2020 WL 2543529 (W.D. Mich. Apr. 21, 2020). Plaintiff's claims in this case concern events that occurred in early 2024, while his instant motion is based on alleged events in October 2024 that he claims amount to retaliation and denial of access to the courts by MDOC employees, most of whom who are not

parties to this action. While a preliminary injunction may be appropriate "'to grant intermediate relief of the same character as that which may be granted finally,' an injunction should not issue when 'it deals with a matter lying wholly outside the issues in the suit.'" *Dunbar v. Prelesnik*, No. 1:13-CV-1100, 2015 WL 1393376 *4 (W.D. Mich. Mar. 25, 2015) (quoting *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945)). Even though Plaintiff asserts that the above actions were retaliation for suing Defendants in the present action, Plaintiff's request is insufficiently related to the claims in this case and appears unnecessary to protect Plaintiff during the pendency of this action.

In sum, consideration of the foregoing factors weighs heavily against Plaintiff's requested relief.

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's Motion for Preliminary Injunction, Temporary Restraining Order, and MDOC to Show Cause. (ECF No. 25.)

Dated: November 18, 2024                    /s/ Sally J. Berens
                                            SALLY J. BERENS
                                            U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).