UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM #272603,

    Plaintiff,

v.

ADEYINKA AWOMOLO, et al.,

    Defendants.
_____/

CASE No. 1:24-cv-242

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 29) filed on November 18, 2024. Plaintiff filed his Objections to the Report and Recommendation (ECF No. 31) on November 25, 2024.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends that Plaintiff's Motion for Preliminary Injunction, Temporary Restraining Order, and MDOC to Show Cause (ECF No. 25) be denied. Plaintiff objects to the Report and Recommendation. (ECF No. 31). After a de novo review of the record, the Court agrees with Magistrate Judge Berens that preliminary equitable relief is unwarranted in this case.

I. **Legal Framework**

Plaintiff seeks a TRO or preliminary injunction enjoining Defendants from confiscating his legal mail and from engaging in other forms of alleged misconduct. (ECF No. 25). A plaintiff seeking a TRO or preliminary injunction bears a heavy burden. Such relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In considering a request for preliminary relief, the Court engages in a four-factor balancing test. *Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The Court considers:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Id.* Additionally, as Magistrate Judge Berens noted in her Report and Recommendation, where a prisoner seeks an order enjoining state prison officials, the Court must proceed with caution and due deference to the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 132, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Ultimately, the decision of whether to issue a TRO or preliminary injunction is a matter left to the district court's discretion. *See Rock & Roll Hall of Fame*, 134 F.3d at 753.

## II.   Discussion

After de novo review, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation. There is no legal basis for equitable relief, whether a TRO or a preliminary injunction. The Magistrate Judge accurately identifies the flaws in Plaintiff's motion, namely, that it presents no evidence that Plaintiff is likely to prevail on the merits; that Plaintiff has an adequate remedy at law; that the public interest is not served by "supervising the minutiae of prison life"; and that the claims in Plaintiff's motion are not tethered to the issues raised in the complaint. The latter reason renders the traditional four-factor balancing test largely unworkable, but the Court nevertheless applies the test to the extent feasible.

Plaintiff fails to show a substantial likelihood of success on the merits. Plaintiff's only argument on this point is that he "is likely to show at trial defendants violated his rights." (ECF No. 25, PageID.219). This is not enough. And even if Plaintiff had argued the merits of his underlying claims in his motion and had shown a disputed issue of fact, such a showing does not warrant a preliminary injunction or a TRO, especially considering the legal remedies available to Plaintiff in this action. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.").

Plaintiff also fails to set forth facts showing that immediate and irreparable injury will result if his request is denied. Indeed, the equitable relief he seeks would not remedy any of the issues in the underlying lawsuit. This factor, too, weighs against granting the requested injunctive relief.

As to the public interest and substantial harm to others, granting Plaintiff's request would force the Court to interfere with the day-to-day judgment and affairs of prison officials—some of whom are not parties to this case—on issues unrelated to those set forth in the complaint. The factual averments in

Plaintiff's motion do not merit such an intrusion on the Michigan prison system without giving the prison official an opportunity to respond to Plaintiff's allegations. Accordingly, the Court exercises its discretion to deny Plaintiff's request for a preliminary injunction and TRO.

Plaintiff's objections are largely unresponsive to the Report and Recommendation, instead making vague claims that Defendants are "utilizing their relationship with their friends and co-workers to retaliate against Plaintiff," and general complaints against the judiciary. (ECF No. 31, PageID.260). These objections do not change the Court's view that the Report and Recommendation was correctly decided.

### III. Conclusion

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 29) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 25) is **DENIED.**

Dated:   December 17, 2024         /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE