UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM #272603,

    Plaintiff,                                              Hon. Robert J. Jonker

v.                                                          Case No. 1:24-cv-242

ADEYINKA AWOMOLO, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction. (ECF No. 32.) Defendants have not responded. Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Plaintiff's motion be **DENIED.**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF), filed his complaint in this action on March 8, 2024, complaining of events that occurred at ECF between January 9, 2024, and March 4, 2024. (ECF No. 1 at PageID.4–9.) Following initial review, the Court allowed the following claims to proceed: (1) retaliation against Defendants Awomolo, Shembarger, Porter, Lyon, Rademaker, Hall, and Burgess; (2) the Eighth Amendment excessive force claims against Defendants Awomolo and Shembarger; and (3) the Eighth Amendment claim against Defendant Awomolo based on food tampering. (ECF Nos. 5 and 6.)

In his present motion, Plaintiff alleges that Defendants Awomolo and others have been conspiring with Defendant Porter, who has written Plaintiff false retaliatory misconducts and encouraged other staff to do the same, which will preclude Plaintiff from receiving his parole in 2025. Plaintiff states that Porter recently wrote Plaintiff a misconduct ticket on November 19,

1

2024, for insolence for filing a grievance against him using Porter's and other staff members' first names. (*Id.*) He further asserts that Defendant Porter has had other staff confiscate his legal and personal property, including all documents in this case. Finally, Plaintiff asserts that Defendants Porter and non-Defendant PC Bennett have threatened to transfer Plaintiff to a harsher facility, making it less likely that he would receive his parole in 2025. (*Id.*)

Plaintiff previously filed a motion for a preliminary injunction asserting similar allegations. In a Report and Recommendation issued November 18, 2024, I recommended that the Court deny Plaintiff's previous motion for injunctive relief. (ECF No. 29.) The Court subsequently adopted that recommendation over Plaintiff's objection. (ECF No. 34.) For the same reasons set forth in the November 18, 2024 Report and Recommendation, I recommend that the Court deny Plaintiff's instant motion. More specifically, Plaintiff fails to demonstrate that he is likely to prevail on the merits of his claims in this case, that he has an inadequate remedy at law, and that compelling reasons exist to justify this Court's interference with the MDOC's day-to-day operations. Finally, as with his prior motion, the relief Plaintiff requests in his present motion, while far from clear, is attenuated from the claims or wrongful conduct alleged in the instant case.

In sum, Plaintiff has failed to satisfy his heavy burden of demonstrating that he is entitled to preliminary injunctive relief. Thus, I recommend that the Court **deny** Plaintiff's motion. (ECF No. 32.)

Dated: January 6, 2025                                        /s/ Sally J. Berens
                                                              SALLY J. BERENS
                                                              U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).