UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM #272603,

    Plaintiff,                                    Hon. Robert J. Jonker

v.                                                Case No. 1:24-cv-242

ADEYINKA AWOMOLO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction for MDOC to Stop Forcibly Medicating Plaintiff Against His Consent and in Retaliation. (ECF No. 49.) Defendants have filed a response. (ECF No. 51.) Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Plaintiff's motion be **DENIED.**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF), filed his complaint in this action on March 8, 2024, complaining of events that occurred at ECF between January 9, 2024, and March 4, 2024. (ECF No. 1 at PageID.4–9.) The only Defendants remaining in the case at this juncture are Corrections Officers Awomolo and Shembarger. As to those Defendants, Plaintiff alleges that on January 9, 2024, they came to his cell and handcuffed him tightly, which cut off the circulation and caused lacerations and swelling in his wrists. (ECF No. 1 at PageID.4.)

In his present motion, Plaintiff alleges that the MDOC has been medicating him with injections of the psychotropic drug Prolixin without his consent. Plaintiff claims that he has experienced multiple and serious life threatening side effects from this drug, including memory loss. Plaintiff alleges, without evidence, that the forced administration of Prolixin constitutes abuse

1

and retaliation for prior cases he has filed. Plaintiff contends that, because he is unable accurately to remember the events that occurred in this case due to side effects from Prolixin, his discovery efforts will be hindered. Plaintiff thus requests that the Court order the MDOC to cease treating him with Prolixin. (ECF No. 49 at PageID.317.)

In determining whether to grant injunctive relief, a court considers the following factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000). These are factors to be balanced, not prerequisites to be met. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)). Issuance of injunctive relief lies within the court's discretion. *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

Plaintiff's request is properly denied for several reasons. First, as with his prior motions for injunctive relief, he has presented no evidence to show that he is likely to prevail on his remaining claims. In fact, he does not address this issue. Moreover, Plaintiff has an adequate remedy at law to address the forced administration of psychotropic medication: he may file a lawsuit against the individuals involved in the administration of the drug. Third, the public interest is not served by this Court's interference with the MDOC's decisions, particularly medical decisions about proper treatment of a prisoner's mental health condition. *See, e.g.*, *McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state

penal system is involved, federal courts have 'additional reason to accord deference to the appropriate prison authorities.'") (citation omitted).

Finally, the relief Plaintiff requests in his present motion is attenuated from the wrongful conduct alleged against the remaining Defendants. A party seeking a preliminary injunction "'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). Moreover, claims against non-defendants asserted in a motion for injunctive relief generally do not relate to issues raised in the complaint. *See, e.g., Griffin v. Williams*, No. 1:CV-10-2472, 2011 WL 2600969, at *2 (M.D. Pa. June 29, 2011) (denying preliminary injunctive relief because, among other reasons, "Plaintiff's complaint that a non-Defendant broke his typewriter is not properly before the court because it is not related to the issues raised in the complaint"); *Hunter v. Jaboulian*, No. 1:17-cv-832, 2020 WL 2543529 (W.D. Mich. Apr. 21, 2020).

Here, Corrections Officers Awomolo and Shembarger are not involved in administering Prolixin to Plaintiff or in making medical decisions as to the need for medication. Moreover, Plaintiff's claims against them concern their use of handcuffs on Plainitff on January 9, 2024. While a preliminary injunction may be appropriate "'to grant intermediate relief of the same character as that which may be granted finally,' an injunction should not issue when 'it deals with a matter lying wholly outside the issues in the suit.'" *Dunbar v. Prelesnik*, No. 1:13-CV-1100,

3

2015 WL 1393376 *4 (W.D. Mich. Mar. 25, 2015) (quoting *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945)).

In sum, consideration of the foregoing factors weighs heavily against Plaintiff's requested relief.

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's motion for injunctive relief. (ECF No. 49.)

Dated: May 15, 2025                                  /s/ Sally J. Berens
                                                                  SALLY J. BERENS
                                                                  U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).